UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANGELA MARIE OVERSTREET, #179230**                                    **PETITIONER**

**VERSUS**                                         **CAUSE NO. 3:14-cv-757-CWR-FKB**

**WARDEN DEREK MINGO**                                                   **RESPONDENT**

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Angela Marie Overstreet, an inmate of the Mississippi Department of Corrections (MDOC), files this *pro se* Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2254. Having considered the pleadings pursuant to 28 U.S.C. § 2254 (b)(1)(A) and (c) and applicable case law, the Court finds that Petitioner has failed to exhaust her available state court remedies.

I. BACKGROUND

Petitioner states that on September 25, 2012, she was convicted of embezzlement and credit card fraud in the Circuit Court of Lauderdale County, Mississippi. Petitioner's sentence of incarceration was suspended and she was placed on probation. On February 7, 2014, her probation was revoked by the Circuit Court of Lauderdale County. As a result, she was sentenced to serve a total of eight- years in the custody of MDOC. Petitioner claims her probation was illegally revoked, primarily based on her assertion that inaccurate information was presented at her probation revocation hearing. As relief, Petitioner is requesting reinstatement of her probation and/or placement on house arrest.

II. ANALYSIS

Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008)(citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). In order to satisfy the exhaustion requirement, the substance of the federal claim must have been fairly presented to the highest state court. *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004). A petitioner must "afford the state court a fair opportunity to apply controlling legal principles to facts bearing upon his constitutional claim." *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (citation and internal quotation marks omitted).

In order to determine if Petitioner exhausted the state remedies available to her, this Court entered an Order [5] directing her to file a written response to state whether she has filed any petitions, applications or motions with respect to her probation revocation in any state or federal court. The Order also directed Petitioner to "specifically state if she has filed a motion for relief under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to -29." Order [5] at 1. Petitioner filed her Response [6], wherein she states that on September 20, 2014, she mailed the same petition that she mailed to this Court to the Circuit Court for Lauderdale County, but she has not received a response. Petitioner also states that she has not filed any other petitions, applications, or motions with respect to her probation revocation and she has not filed a motion for relief under the Mississippi Post-Conviction Collateral Relief Act. Resp. [6] at 2.

Petitioner has an available state court remedy under the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss. Code Ann. § 99-39-1, *et seq*. This statute provides an avenue for an inmate to challenge her incarceration based upon on a claim that her "probation, parole or

2

conditional release [was] unlawfully revoked" or she is "otherwise unlawfully held in custody." Miss. Code Ann. § 99-39-5(1)(h). *See e.g., Rush v. State,* 125 So.3d 84, 86 (Miss. Ct. App. 2013)(challenge to probation revocation filed as motion for post-conviction collateral relief).

Since Petitioner plainly states that she has not presented her claims to the state's highest court in a procedurally proper manner, it is clear that she has not satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and (c). As such, Petitioner's request for habeas relief will be dismissed for failure to exhaust her available state court remedies. *See Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011)("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted.").

### III.  CONCLUSION

For the reasons stated herein, Petitioner's request for habeas relief will be dismissed for failure to exhaust her available state court remedies. A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Petitioner Angela Marie Overstreet's *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, is dismissed without prejudice.

**SO ORDERED AND ADJUDGED**, this the 13th day of November, 2014.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE